**Affirmed and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00121-CR

---

**ALFONSO RYAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1053035-T**

---

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers[1]
Opinion by Justice Bridges

Appellant Alfonso Ryan complains in a single issue that he received ineffective assistance of counsel during the penalty phase of his trial for aggravated assault. Because the appeal involves application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

During the hearing that forms the basis of this appeal, the trial court addressed five offenses for which appellant had been indicted. Initially, the judge noted that appellant had already entered a plea of guilty to aggravated assault and true to an enhancement allegation of a prior felony conviction. The judge then received appellant's pleas of guilty to four more offenses: forgery of a government record; two counts of fraudulent use or possession of

---

[1] Justice David Lewis was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion. Justice David Bridges has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1.

identification; and false statement to obtain property. Appellant also pleaded true to felony enhancements to the first three of those four offenses. The trial court heard evidence, including testimony from appellant himself. The court then accepted appellant's pleas and assessed his punishment at twelve years' confinement.

Appellant's aggravated assault indictment charged him with threatening a visitor to his wife's home with an axe.[2] Appellant presented evidence that he had suffered a terrible work-related electrical accident before the charged assault. A colleague was killed in the accident, and appellant suffered third degree burns that had required some twenty surgeries. There was also evidence that appellant had been taken to Timberlawn Mental Health System after an earlier altercation with his wife and to Green Oaks Hospital after an altercation with his wife's step-father.

Appellant argues that his attorney was ineffective because he failed to present medical documents or other evidence of appellant's mental health problems, which would have been relevant to the trial court's sentencing determination. Appellant contends his attorney failed to investigate, obtain, and offer records showing the physical and mental consequences of his work accident and records from Timberlawn and Green Oaks to present the full nature of appellant's mental health problems.

In his brief, appellant acknowledges that his attorney presented some mitigating evidence in this vein:

> Counsel presented mitigating evidence from Appellant and Appellant's current wife, who testified that she has not observed any violent behavior on his part. Indeed, counsel argued "he suffers a horrible accident. There's no doubt that he's been diagnosed with PTSD." He argued Appellant was emotional, was angry toward life, and suffered a traumatic injury. Counsel asserted Appellant was

---

[2] Appellant and his wife were living separately at the time. Testimony from the hearing indicates appellant's target was actually his wife and that the visitor stepped in to protect her.

taken to Timberlawn, and that he takes 13 different medications. (Record citations omitted.)

Indeed, our review of the record indicates that appellant's counsel elicited evidence that appellant had undergone more than twenty surgeries. Counsel questioned appellant concerning his diagnosis of post-traumatic stress disorder, and appellant testified that the assault was an example of his problems with that condition.[3] Counsel also elicited evidence of appellant's medication regimen: appellant testified he took thirteen pills a day, two times a day "for different things." In his closing argument, counsel referred again to appellant's medical condition, asking the trial court to consider:

> His medical history, his mental history and the fact that his girlfriend now says he has no maliciousness towards her, no physical violence towards her, and give him the minimum time or some kind of help for his issue.

To prevail on an ineffective assistance of counsel claim, appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). We examine the totality of counsel's representation to determine whether appellant received effective assistance. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We do not judge counsel's strategic decisions in hindsight, and we strongly presume counsel's competence. *Id.* Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* at 813–14. When the record contains no evidence of

---

[3] Appellant's accident that led to the diagnosis of post-traumatic stress disorder occurred in September 2005. We note that appellant was also convicted of assault and violation of a protective order in 2002, well before that accident.

the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994). This standard applies at both the guilt and punishment phases of trial. *Hernandez v. State,* 988 S.W.2d 770, 771 (Tex. Crim. App. 1999).

Although appellant filed a motion for new trial, he did not raise the issue of ineffective assistance of counsel. Thus, the record provides no discernible explanation of the motivation behind counsel's decision not to offer medical records or other evidence of appellant's mental health status. We will not speculate as to counsel's possible motives. "Ineffective assistance of counsel claims are not built on retrospective speculation; they must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813–14). We conclude only that, on this record, counsel's decision could have been the result of strategic design. Therefore, the record is insufficient to support appellant's complaint on direct appeal.

We resolve appellant's single issue against him and affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
140121F.U05

/David Bridges/
DAVID BRIDGES
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALFONSO RYAN, Appellant

No. 05-14-00121-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1053035-T.
Opinion delivered by Justice Bridges, Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered October 30, 2014.